## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

_____
                                        )
**RICHARD D. BROOKS,**                  )
                                        )
       **Petitioner,**  )
                                        )
                                        )     **Civil Action No.**
    **v.**                 )     **07-40010-FDS**
                                        )
**STEVEN O'BRIEN,**                     )
                                        )
       **Respondent.**  )
_____)

## MEMORANDUM AND ORDER ON PETITIONER'S
## MOTION FOR CERTIFICATE OF APPEALABILITY

**SAYLOR, J.**

      Pending before the Court is petitioner Richard D. Brooks's request for a Certificate of Appealability ("COA").  Brooks seeks a COA to allow him to appeal this Court's order of April 23, 2007, dismissing his petition for a writ of habeas corpus as time-barred under 28 U.S.C. § 2244(d).  For the reasons stated below, the request for a COA will be denied.

**I.**    **Background**

      On June 27, 1990, a Suffolk County grand jury indicted Brooks for murder in the first degree; unlawful carrying of a firearm; assault and battery by means of a dangerous weapon; and assault with intent to murder by means of a dangerous weapon.  On January 29, 1993, after a jury trial, he was convicted of all counts.  He was sentenced to life imprisonment on the murder conviction and various concurrent sentences on the lesser offenses.  He timely appealed.  His convictions were affirmed by the Massachusetts Supreme Judicial Court on May 3, 1996.  On December 10, 2001, he filed a petition for re-hearing in the SJC that was denied on January 30, 2002.

Brooks next filed a motion for a new trial in Suffolk Superior Court on March 2, 2005.

That motion was denied on June 26, 2006.  On July 10, 2006, he filed a petition for leave to

appeal the denial of his motion for a new trial.  A single justice of the SJC denied the petition on

September 11, 2006.  Brooks filed a petition for a writ of habeas corpus in this Court on January

8, 2007.  Respondent Steven O'Brien moved to dismiss the petition as time-barred under 28

U.S.C. § 2244(d).

## II.     Analysis

### A.     Dismissal of Habeas Petition

In a Memorandum and Order dated April 23, 2007, this Court granted respondent's

motion to dismiss.  As the Court explained, effective April 24, 1996, Congress enacted a statute

of limitations applicable to federal habeas corpus petitions filed by state prisoners as part of the

Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA").  28 U.S.C. § 2244(d).  That

statute sets a one-year limitation period that runs from the time that the state court judgment of

conviction becomes "final by the conclusion of direct review or the expiration of the time for

seeking such review."  28 U.S.C. § 2244(d)(1)(A).

The statute provides exceptions to the one-year limitations period where an untimely filing

was caused by the state, where new constitutional rights have been created by the Supreme Court,

or where there is newly discovered evidence.  28 U.S.C. § 2244(d)(1)(B)-(D).  The AEDPA also

excludes from the one-year limitations period the "time during which a properly filed application

for State post-conviction or other collateral review with respect to the pertinent judgment or

claim is pending . . . ."  28 U.S.C. § 2244(d)(2).  In addition, equitable tolling of the AEDPA's

limitations period may be available when "extraordinary circumstances" beyond the petitioner's

2

control prevented the prompt filing of the petition. *Cordle v. Guarino*, 428 F.3d 46, 48 (1st Cir. 2005).

The Court noted that the Massachusetts Supreme Judicial Court affirmed Brooks's convictions on May 3, 1996. His convictions became final ninety days thereafter, on August 1, 1996, when his opportunity to seek certiorari expired. Accordingly, he was required to file his habeas petition by August 1, 1997. He did not commence this action until January 8, 2007, more than ten years after his conviction became final. Although he commenced post-appeal litigation in the state courts during that time, he did not file his motion for re-hearing until December 10, 2001. By then, the AEDPA limitations period had already expired. While the limitations period is tolled during the pendency of properly filed post-conviction state court litigation, the AEDPA clock is not reset or restarted when the limitations period has already expired. *Cordle*, 428 F.3d at 48 n.4. Moreover, Brooks did not established any reason why the limitations period should not apply. *See id.* at 48 (recognizing that petitioner bears the burden of establishing a basis for equitable tolling).

In sum, the Court dismissed Brooks's habeas petition because he failed to file within the time period permitted by the AEDPA, and because he did not make any showing that this failure was due to extraordinary circumstances or circumstances beyond his control.

## B.   <u>Request for COA</u>

Brooks now seeks a COA allowing him to appeal the dismissal of his petition. A petitioner seeking post-conviction relief under 28 U.S.C. § 2254 does not have an automatic right to appeal a district court's denial or dismissal of the petition. 22 U.S.C. § 2253(b). Instead, such a petitioner must first seek and obtain a COA from a circuit justice or judge. 28 U.S.C. §

3

2253(c).  By local rule, in the First Circuit,  "[a] petitioner wishing to appeal from the denial of a § 2254 or § 2255 petition must file a timely notice of appeal and should promptly apply to the district court for a certificate of appealability."  First Circuit Local Rule 22.1(b).  Ordinarily, the Court of Appeals will not initially "receive or act on a request for a [COA] if the district judge who refused the writ is available, unless an application has first been made to the district court judge."  *Id.*

The United States Supreme Court has indicated that where—as here—"the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  The Supreme Court has further instructed that the two prongs of this analysis—one directed at the underlying constitutional claims and the other at the procedural holding—are "part of a threshold inquiry, and a court may find that it can dispose of the application in a fair and prompt manner if it proceeds first to resolve the issue whose answer is more apparent from the record and arguments."  *Id.* at 485.

In the present case, the Court concludes, for the reasons set forth in its Memorandum and Order dismissing the petition and recounted above, that reasonable jurists could not find that its dismissal of Brooks's habeas petition as time-barred was incorrect or debatable.  Accordingly, the request for a COA will be denied.

4

**III.**     <u>**Conclusion**</u>

For the foregoing reasons, the request for a Certificate of Appealability is DENIED.

**So Ordered.**

/s/ F. Dennis Saylor
F. Dennis Saylor IV
United States District Judge

Dated: July 12, 2007

5